UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SPARKS<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE MEDICAL EQUIPMENT, INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:14-CV-00166-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court in the above-titled matter is Defendant Todd Kaplan's Motion for Summary Judgment (Dkt. 20) and Plaintiff David Sparks' Motion to Strike Portions of Declaration of Robert Kaplan (Dkt. 23.)  Both motions have been briefed and are ripe for the Court's review.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.  For the reasons stated below, Defendant Todd Kaplan's Motion for Summary Judgment is granted.

## FACTUAL BACKGROUND

　　　　Plaintiff David Sparks ("Plaintiff") and Defendant Todd Kaplan ("Defendant" or "Kaplan") were long-time friends and business colleagues.  (Dkt. 24-1, ¶ 2.)  In

1

approximately 2006, Defendant approached Plaintiff about loaning him money for use in starting a durable medical equipment business which would provide medical supplies designed to ameliorate obstructive sleep apnea and breathing disorders. (Dkt. 1, ¶ 6.) Plaintiff understood that Defendant had been unable to obtain financing for the business from a financial institution, and ultimately agreed to loan Defendant money. (*Id*., ¶ 7.) On February 1, 2007, Sparks received a Promissory Note stating Allstate Medical Equipment, LLC ("Allstate") would repay Plaintiff the principal amount of $110,000, plus interest of 14.0% per annum. (Dkt. 1-1.) [1]

The parties dispute who chose the terms of the loan agreement. Plaintiff claims Defendant induced him into loaning money by suggesting a high interest rate, and claims Defendant prepared and signed a Promissory Note securing Plaintiff's loan of $110,000. (*Id*., ¶¶ 8-9.) Defendant claims he did not prepare, agree to, enter into, or even sign the Promissory Note. (Dkt. 20-1, p. 7; Dkt. 20-2, ¶¶ 6, 11.) Defendant suggests the Promissory Note was executed by Allstate and was signed by Defendant's brother,

---

[1] The loan of $110,000 was made by Plaintiff in two installments. The first installment of $70,000 was paid on or about February 15, 2006, and the second installment of $40,000 was made by Plaintiff on or about February 1, 2007. (Dkt. 20-2, ¶ 3.) As evidence of and to memorialize the terms of the loan agreement, Allstate, as "Borrower," executed a promissory note in favor of Plaintiff, as "Creditor," on February 15, 2006 with respect to the first installment of $70,000. (*Id*., ¶ 4.) On February 1, 2007, Allstate, as "Borrower," executed a second promissory note in favor of Plaintiff, as "Creditor," with respect to the second installment of $40,000. (*Id*., ¶ 5.) The total amount loaned by Plaintiff was $110,000, as evidenced by the February 15, 2006 and February 1, 2007 promissory notes. (*Id*., ¶ 6.) The February 15, 2006 promissory note and February 1, 2007 promissory note documenting Plaintiff's total loan of $110,000 to Allstate are hereinafter collectively referred to as the "Promissory Note."

Robert Kaplan, in his official capacity as "Manager and CEO" of Allstate, on behalf of Allstate.[2] (Dkt. 20-2, ¶¶ 2-6.) Although, in his Response to Defendant's Motion for Summary Judgment, Plaintiff argues that Defendant prepared and signed the Promissory Note, and that the loan was made to both Defendant personally and to Allstate (Dkt. 24, pp. 4-5), Plaintiff admitted in his deposition that he did not dispute Robert Kaplan in fact signed the Promissory Note (Dkt. 20-6, p. 34, ll. 10-19), that Defendant did not provide any written agreement regarding the loan (*Id.*, p. 26, ll. 20-23; p. 42, ll. 6-12; p. 86, ll. 9-

---

[2] Plaintiff makes much of a purported distinction between "Allstate Medical Equipment, Inc." and "Allstate Medical Equipment, LLC," and claims that although "Allstate Medical Equipment, LLC" was the borrower identified on the Promissory Note, Defendant "later caused another company, Allstate Medical Equipment, Inc. to start making interest-only payments to Sparks" and that "Allstate Medical Equipment LLC did not even exist as an entity when Sparks loaned Kaplan the funds at issue." (Dkt. 1, p. 4.) The evidence in the record suggests both names refer to the same company. For instance, both of Plaintiff's loan payments were transmitted directly to Allstate Medical Equipment, Inc., and were deposited into Allstate Medical Equipment, Inc.'s business account with 1st California Bank. (Dkt. 20-3, ¶ 9; Dkt. 20-5.) Allstate Medical Equipment, Inc. also made every monthly interest-only loan payment to Plaintiff between February 2006 and January 2013. (Dkt. 20-5.) Each and every payment made to Plaintiff under the Promissory Note was drawn upon and processed from Allstate Medical Equipment, Inc.'s business account. (*Id.*) Although Plaintiff appears to suggest that the variance in corporate name in the Promissory Note somehow makes Defendant personally liable, he does not articulate any legal theory which would bind Defendant based upon the use of "Allstate Medical Equipment, LLC" instead of "Allstate Medical Equipment, Inc." Regardless, courts have long held that an immaterial variance in corporate name in a contract does not defeat the intention of the parties to bind the corporation. *Cnty. of Moultrie v. Fairfield*, 105 U.S. 370, 377 (1881) ("[A] contract is not avoided by misnaming the corporation with which it is made.") The Court will accordingly collectively refer to Allstate Medical Equipment, Inc. and Allstate Medical Equipment, LLC as "Allstate."

15; p. 93, ll. 7-15; p. 100, ll. 3-7), and that the loan was made to Allstate as borrower, and not to Defendant.[3] (*Id.*, p. 25, ll. 12-19; p. 38, ll. 24-25; p. 39, ll. 1-21.)

Upon receipt of the signed Promissory Note, Plaintiff transmitted funds to Allstate in the total amount of $110,000, with $70,000 sent in February, 2006, and an additional $40,000 sent in February, 2007. (Dkt. 20-2, ¶ 7.) Between February 9, 2006 and January 1, 2013, Allstate made monthly interest-only payments to Plaintiff totaling $100,156.00. (*Id.*, ¶ 8.) Each of these payments was drawn on and processed from Allstate's business account, and was sent by Allstate directly to Plaintiff. (Dkt. 20-2, ¶ 9; Dkt. 20-5.)

Under the terms of the Promissory Note, payment of the principal was initially due on February 1, 2009. (Dkt. 1-1.) However, Defendant requested and received several extensions to the payment deadline from Plaintiff. (Dkt. 1, ¶ 12.) Before agreeing to each extension, Plaintiff suggests that he relied upon Defendant's representations that he would repay the principal balance once Allstate became profitable. (*Id.*, ¶ 13.) Plaintiff agreed to extend the principal payment deadline in 2009, 2010, 2011 and 2012 in exchange for continued interest-only payments by Allstate. (*Id.*, ¶¶ 12-14; Dkt. 24-2, ¶ 8.) Plaintiff contends that on at least two of these occasions, Defendant stated that he would personally pay back Plaintiff if Allstate could not. (Dkt. 1, ¶ 14.)

---

[3] Although the Court must, for purposes of summary judgment, resolve factual disputes in favor of the nonmoving party, this standard does not apply, where, as here the nonmoving party's version of facts is contradicted by record evidence. *Scott v. Harris*, 127 S.Ct. 1769, 1777 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

In January of 2013, Plaintiff contacted Defendant and requested that he repay the principal balance of $110,000 on the loan.  (Dkt. 24-2, ¶ 10.)  Defendant did not reply, and Plaintiff stopped receiving interest payments after January 2013.  Plaintiff filed the instant suit for breach of contract against Defendant and Allstate on April 29, 2014.  Defendant moved for summary judgment on June 15, 2015.  Allstate has not moved for summary judgment, and the Court does not here consider the substance of Plaintiff's claims against Allstate.

## STANDARD OF REVIEW

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The moving party bears the initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48 (1986).  Where, as here, the movant does not bear the burden of proof at trial, it must show "an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The burden then shifts to the nonmoving party to show a genuine dispute of fact. *Anderson*, 477 U.S. at 256-57.  The nonmoving party may not rest upon mere allegations or denials in its pleading and must produce evidence sufficient to show that a reasonable jury could return a verdict in its favor.  *Id*. at 248.  In order to withstand a motion for summary judgment, the nonmoving party:

5

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir.1989) (citation omitted).

On a motion for summary judgment, the Court does not weigh evidence or determine truthfulness of allegations; instead, it determines the existence of genuine issues of material fact. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). An issue of material fact is one which may affect the outcome of the case. *Anderson*, 477 U.S. at 248. The Court must view all evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id*. at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir.1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir.1988). A statement in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n. 3 (9th Cir.1995).

## ANALYSIS

*1. Defendant's liability under the Promissory Note*

In his Complaint, Plaintiff alleges Defendant "breached the terms of the Note by ceasing to make interest payments and failing to make the principal payment due under the Note." (Dkt. 1, ¶ 18.) As mentioned, Defendant did not sign the Promissory Note,

6

and did not sign any other document purporting to be a personal guaranty of Allstate's obligations under the Promissory Note.  (Dkt. 1-1; Dkt. 20-6, p. 26, ll. 20-23; p. 34, ll. 10-19; p. 42, ll. 6-12; p. 86, ll. 9-15; p. 93, ll. 7-15; p. 100, ll. 3-7.)  Further, Allstate is the only party identified as "Borrower" under the terms of the Promissory Note.  (Dkt. 1-1.)  Absent certain exceptions not alleged here, "a contract cannot bind a non-party." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2000); *see also Wing v. Martin*, 688 P.2d 1172, 1177 (Idaho 1984) ("A party must look to that person with whom he is in a direct contractual relationship for relief, in the event that his expectations under the contract are not met.").  Defendant was not the borrower under the clear terms of the Promissory Note.

Further, although there is some dispute as to whether Allstate was Defendant's company, it is well-settled that "an officer of a corporation is not liable for a breach of a contract made in the corporation's name unless it can be shown that the 'corporate veil should be pierced to avoid unjust consequences inconsistent with the corporation concept.'"  *Davis v. Prof. Bus. Serv., Inc.*, 712 P.2d 511, 516 (Idaho 1985) (quoting *Barlow's, Inc. v. Bannock Cleaning Corp.*, 647 P.2d 766, 771 (Ct.App. 1982).  Here, Plaintiff has not presented any evidence to support piercing the corporate veil.[4]  Thus, Defendant is not liable for breach of the Promissory Note.

---

[4] Plaintiff alleged in his Complaint that Defendant was "acting as the alter ego of Allstate, and has been wrongfully taking funds from Allstate for his own personal gain. Kaplan has also failed to maintain any corporate shield of Allstate."  (Dkt. 1, ¶ 16.)  However, Plaintiff admitted in his deposition that he had no evidence that Defendant had improperly used Allstate's funds.  (Dkt. 20-6, p. 94, ll. 8-23; p. 95, ll. 1-18; p. 97, ll. 9-
(Continued)

### 2. *Breach of oral contract*

For the first time in his Response to Defendant's Motion for Summary Judgment, Plaintiff states his claims against Defendant "are based upon his representations and promises of payment of the debt—an oral contract and series of oral agreements between Sparks and Kaplan that Kaplan performed on until January of 2013." (Dkt. 1, ¶ 18; Dkt. 24, p. 4.) Although, with respect to breach of contract, the Complaint alleges only "Defendants Allstate and Kaplan have breached the terms of the Note by ceasing to make interest payments and failing to make the principal payment due under the Note," Plaintiff now claims '[t]he loan I made was to Todd Kaplan. The company he referred to as Allstate and he were one and the same at that time and there was no separate entity up and running that I was aware of or that he told me about." (Dkt. 24-1, ¶ 4.) Plaintiff further states "[t]he money I loaned was payable directly to Todd Kaplan and I sent it directly to him." (*Id.*, ¶ 13.)

Other than his affidavit, Plaintiff has not submitted any evidence to establish the loan was made to Defendant personally, and not to Allstate. The record, including Plaintiff's deposition testimony, in fact refutes this claim. Most notably, the Complaint itself alleges breach of the Promissory Note. The Promissory Note attached to the Complaint identifies only Allstate as borrower. Plaintiff's claim that he did not know of

---

21.) Plaintiff appears to concede Defendant is not liable under an alter ego theory in his Response to Defendant's Motion for Summary Judgment, and has not submitted any argument or evidence to support piercing Allstate's corporate veil to hold Defendant personally liable under the Promissory Note.

8

the existence of Allstate at the time of the loan is belied by his receipt of the Promissory Note identifying Allstate as the Borrower and subsequent transfer of funds to Allstate. (Dkt. 1-1; Dkt. 20-5, Ex. 3.)  Plaintiff also began receiving interest-only payments from Allstate immediately after his first loan of $70,000 in January, 2006.  (Dkt. 20-5, Ex. 4.) The transaction record for Allstate also illustrates that Plaintiff's checks were deposited in Allstate's account with 1st California Bank.  (Dkt. 20-5, Ex. 3.)  Further, Plaintiff repeatedly admitted in his deposition that the loan was made to Allstate.  (Dkt. 20-6, p. 24, ll. 14-17) (Q: "Okay.  But do you remember, pursuant to this Secured Promissory Note, that you loaned $70,000 to Allstate Medical Equipment?" A: "Yes."); (*Id*., p. 25, ll. 16-19) ("And 'Borrower'—that's a defined term, and the definition of 'Borrower' is reflected in Paragraph 1 as being 'Allstate Medical Equipment'; correct?" A:  "Yes."); (*Id*., p. 39, ll. 2-21) (confirming Defendant did not sign the Promissory Note in his individual capacity).  In short, even if Plaintiff had adequately alleged breach of an oral contract, the evidence refutes existence of an oral contract independent from the Promissory Note.[5]

### 3.  Breach of a personal guaranty

Although the Complaint does not specifically allege breach of a personal guaranty, Plaintiff does claim, "[o]n at least two occasions after the Promissory Note was executed,

---

[5] Moreover, if Plaintiff had adequately plead an oral agreement between Plaintiff and Defendant regarding the $110,000 loan, this prior oral agreement would have been superseded by the executed written Promissory Note covering the same subject matter. *Valley Bank v. Christensen*, 808 P.2d 415, 417 (Idaho 1991).

Kaplan represented to Sparks that he could personally pay Sparks back if Allstate could not." (Dkt. 1, ¶ 14.) Notably, the allegation that Defendant made such a personal guaranty contradicts Plaintiff's current claim that Defendant is personally liable under the Promissory Note. It is incongruous that Defendant would personally guarantee a loan on which he was already liable. *Mickelsen Const., Inc. v. Horrocks*, 299 P.3d 203, 211 (Idaho 2013) ("One cannot be both principal debtor who has defaulted and the guarantor who is secondarily liable in the event of such default.") However, to the extent Plaintiff's breach of a personal guaranty claim can be viewed as an alternative to his breach of oral contract theory,[6] such claim is barred by the statute of frauds.

An alleged agreement to guaranty the debt of another is "invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent." I.C. § 9-505. "Failure to comply with the statute of frauds renders an oral agreement unenforceable both in an action at law for damages and in a suit in equity for specific performance." *Mickelsen Const., Inc*., 299 P.3d at 208 (internal quotation marks and citation omitted). Here, Plaintiff admits there was never any writing documenting Defendant's alleged promise to pay Allstate's debt. (Dkt. 20-6, p. 26, ll. 20-23; p. 42, ll. 6-12; p. 86, ll. 9-15; p. 93, ll. 7-15; p. 100, ll. 3-7.) Accordingly, any

---

[6] Plaintiff does not suggest such theories are pled in the alternative. However, under the rule governing alternative pleadings, a plaintiff may plead inconsistent liability, and may even argue alternative claims to a jury. Fed. R. Civ. Proc. 8(d)(2).

oral guaranty by Defendant to pay Plaintiff's loan if Allstate defaulted is barred by the statute of frauds.[7]  *Mickelsen Const., Inc.*, 299 P.3d at 208.

In response to Defendant's Motion for Summary Judgment, Plaintiff argues Defendant waived the statute of frauds defense by failing to assert it as an affirmative defense in his answer.  (Dkt. 24, p. 7.)  This argument ignores both that Plaintiff arguably failed to plead either breach of an oral contract or breach of a personal guaranty in his Complaint, and that, absent prejudice, a defendant may raise an affirmative defense for the first time in a motion for summary judgment.  *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984); *Bluestone v. Mathewson*, 649 P.2d 1209, 1211 (Idaho 1982) ("where the defense was raised before trial and the defendant was given time to present argument in opposition, the defense of statute of frauds can be raised for the first time in the summary judgment motion[.]").  Defendant cannot be faulted for failing to plead the statute of frauds as an affirmative defense where Plaintiff's Complaint referenced only the

---

[7] The only possible exception to the statute of frauds that could arguably apply in this case is Idaho Code § 9-506(2).  This statute provides an agreement is excepted from the statute of frauds if:

> the creditor parts with value, or enters into an obligation, in consideration of the obligations in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety.

I.C. § 9-506(2).

However, Plaintiff has not pled § 9-506(2).  "An allegation that a party entered into a guaranty agreement does not allege that the party entered into an agreement under § 9-506(2)."  *Mickelson Const., Inc.*, 299 P.3d at 210.  There is no claim under Plaintiff's Complaint or argument in his Response to Defendant's Motion for Summary Judgment to suggest § 9-506(2) applies.

Promissory Note and did not plead an offer, acceptance, consideration, or any allegations regarding the alleged timing for Defendant's compliance with the terms of either his purported oral contract or oral guaranty. Defendant did not learn until Plaintiff's deposition that Plaintiff claimed Defendant breached an oral contract. (Dkt. 25, p. 8, n. 5.) Under these circumstances, there is no basis for striking the statute of frauds as an affirmative defense. Further, Defendant raised the statute of frauds defense in his Motion for Summary Judgment, and Plaintiff had the opportunity to respond in his opposition. Plaintiff failed to identify any prejudice caused by Defendant's assertion of the defense at the summary judgment stage, and the Court finds none. *Bluestone*, 649 P.2d at 1211. As such, Plaintiff's claim of an oral personal guaranty is barred by the statute of frauds and cannot survive summary judgment.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Defendant Kaplan's Motion for Summary Judgment (Dkt. 20) is **GRANTED** and all claims as to Defendant Kaplan are dismissed. Plaintiff's claims against Defendant Allstate remain at issue;

2. The Court has not considered the Declaration of Robert Kaplan in deciding this matter. Plaintiff's Motion to Strike Robert Kaplan's Declaration (Dkt. 23) is accordingly **DENIED** as **MOOT**.

Dated: **December 07, 2015**

Honorable Edward J. Lodge
United States District Judge