UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SPARKS,<br><br>                Plaintiff,<br><br>v.<br><br>ALLSTATE MEDICAL EQUIPMENT, INC., a California Corporation; and TODD KAPLAN, an individual,<br><br>                Defendants. | Case No. 1:14-cv-00166-ELJ-CWD<br><br>**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS (DKTS. 34, 36)** |

**INTRODUCTION**

Pending before the Court are two motions seeking costs and attorney fees filed by Plaintiff David Sparks and Defendant Todd Kaplan. (Dkts. 34, 36.)

In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve the motions without a hearing. Dist. Idaho L. Rule 7.1. Having carefully reviewed the record and otherwise being fully advised, the Court makes the following recommendations to grant Sparks' motion and to grant in part and deny in part Kaplan's motion.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 1**

## BACKGROUND

This case involves a breach of contract action. In approximately 2006, Kaplan approached Sparks about loaning him money for use in starting a durable medical equipment business. Sparks ultimately agreed to loan Kaplan money. On February 1, 2007, Sparks received a Promissory Note stating Allstate Medical Equipment, LLC (Kaplan's business) would repay Sparks the principal amount of $110,000, plus interest at 14.0% per annum.

Under the terms of the Promissory Note, the payment of the principal was initially due in February of 2009; however, Sparks agreed to extend the principal payment deadline in 2009, 2010, 2011, and 2012. In January of 2013, Sparks contacted Kaplan and requested Kaplan repay the principal balance of $110,000 on the loan. Kaplan did not reply and Sparks stopped receiving interest payments after January of 2013. On April 29, 2014, Sparks filed suit seeking to hold Allstate and Kaplan liable for the past-due interest and principal payments owed to Sparks pursuant to the terms of the Promissory Note.[1]

On June 15, 2015, Kaplan moved for summary judgment on the personal liability claim. (Dkt. 20.) During the pendency of the motion for summary judgment, the three parties participated in mediation on October 21, 2015. (Dkt. 31-1 at 2.) However, their attempts to settle were unsuccessful. On December 7, 2015, the Court issued its Memorandum Decision and Order granting summary judgment in favor of Kaplan. (Dkt. 27.) The Court found there was no evidence that the Promissory Note was between

---

[1] The preceding two paragraphs containing factual background are excerpts from District Judge Edward J. Lodge's Memorandum Decision and Order entered on December 7, 2015. (Dkt. 27.)

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 2**

Sparks and Kaplan personally and no evidence to pierce the corporate veil or to otherwise hold Kaplan personally liable that would not be barred by the statute of frauds. *Id.* The only surviving issue was Sparks' breach of contract claim against Allstate for the $110,000 due under the Promissory Note, plus interest, attorney fees and costs. Trial was set to begin on January 19, 2016. (Dkt. 18.)

On January 6, 2016, Allstate filed a request for the Court to enter judgment in favor of Sparks and against Allstate in the amount of $110,000, and sought also to vacate the trial on the ground that no triable issues of fact remained. (Dkt. 31.) The Court agreed with Allstate, granted Allstate's request, and entered judgment in favor of Sparks and against Allstate in the amount of $110,000. (Dkt. 32.) The Court specifically reserved the issues of interest, attorney fees and costs to be determined after the parties filed appropriate motions. *Id.*

On January 28, 2016, Sparks and Defendant Kaplan each filed motions for attorney fees and costs. Sparks seeks attorney fees in the amount of $7,125 and costs in the amount of $1,030.12. (Dkt. 34.) Kaplan seeks attorney fees in the amount of $51,651, and costs in the amount of $728.44. (Dkt. 36.)

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 3**

## STANDARD OF LAW

### I. Attorney fees

#### A. Entitlement to fees

"Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions."[2] *Romish Holdings, LLC v. Inclusion, Inc*, 2016 WL 3093371, at *1 (D. Idaho June 1, 2016) (citing *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law)).

Idaho Code § 12-120(3) is the applicable statute in this case. It provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Idaho Code § 12-120(3). The statute "compels an award of attorney fees to the prevailing party in an action to recover on a note or other commercial transaction." *Shore v. Peterson,* 204 P.3d 1114, 1126 (Idaho 2009). "A determination on prevailing parties is committed to the discretion of the trial court." *Id.* at 1125.

Idaho R. Civ. P. 54(d)(1)(B) provides the following guidance on determining which party prevailed:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may

---

[2] The longstanding rule in Idaho is that attorney fees may be awarded if authorized by either contract or by statute. *See* Idaho R. Civ. P. 54(e).

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 4**

apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

While the Court may consider offers of settlement as a factor in determining which party prevailed, "it is clear that it is not the only, or even the most significant factor to be considered." *Polk v. Larrabee*, 135 Idaho 303, 313, 17 P.3d 247, 257 (2000).

### B. Reasonableness of fees

The United States Court of Appeals for the Ninth Circuit has adopted a two-part test for determining a reasonable attorney fee award. *See Cunningham v. County of Los Angeles,* 879 F.2d 481, 484 (9th Cir.1988). First, the Court calculates the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Next, the Court may exercise its discretion and "increase or reduce the presumptively reasonable lodestar fee" to account for additional factors. *Id.* Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975).

"Ascertaining a reasonable fee is an inexact science; mimicking 'the intricacies of the fee-paying market in every respect' is neither required nor possible." *United States ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *9 (E.D. Cal. Oct. 23, 2015) (citing *City*

*of Burlington v. Dague,* 505 U.S. 557, 566–67 (1992)). The Court is permitted to reduce either the number of hours or the lodestar by a certain across-the-board percentage; however, such a calculation "must be accompanied by a 'concise but clear explanation.'" *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (citing *Hensley,* 461 U.S. at 437)).

Once the Court has determined that both the hourly rate and hours expended are reasonable, it should take these two numbers and multiply them to establish an initial estimate of the value of the attorney's services. *Hensley,* 461 U.S. at 433.

## II. Costs

Pursuant to Fed. R. Civ. P. 54(d), costs other than attorney fees should be allowed to the prevailing party, and shall be taxed by the Clerk of the Court.

## DISCUSSION

### I. Sparks' request for attorney fees and costs

Sparks requests an award of attorney fees and costs on the basis that he is the prevailing party against Allstate, and thus, entitled to such fees and costs against Allstate pursuant to Fed. R. Civ. P. 54(d)(1) and (2), Idaho R. Civ. P. 54(e), and Idaho Code § 12-120(3). Allstate disagrees and argues that an award of attorney fees and costs against Allstate is not justified due to Allstate's multiple attempts to settle this matter with Sparks. As discussed below, the Court will recommend Sparks' request be granted.

#### A. Sparks is the prevailing party

Sparks argues he is the prevailing party and entitled to reasonable attorney fees because he obtained a judgment for $110,000 against Allstate. Allstate does not dispute

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 6**

that Sparks is the prevailing party;[3] however, Allstate argues an award of attorney fees under the circumstances presented in this case would be unjust. Allstate argues it repeatedly offered to settle with Sparks in full since the beginning of the litigation and that Sparks' personal liability claim against Kaplan was without merit. Allstate contends fees should not be awarded to Sparks because Sparks' continued efforts to litigate his claim were wholly unnecessary. For the reasons that follow, the Court disagrees with Allstate.

Allstate's offers to settle the case were not as black and white as Allstate contends. Instead, Allstate's offers to settle, albeit in the full principal amount of the Promissory Note, less interest, attorney fees and costs, were contingent on Sparks dismissing his personal liability claim against Kaplan.[4]

The Court is perplexed also by Allstate's argument that the lawsuit was wholly unnecessary after its first offer of settlement, which purportedly occurred before Allstate filed its Answer. In their joint Answer, both Kaplan and Allstate denied the breach of contract allegations asserted by Sparks in his Complaint. (Dkt 12.) Allstate did not concede liability; thus, it was necessary for Sparks to continue to pursue his claims against Allstate as well as against Kaplan.

---

[3] Allstate alleges "Sparks has prevailed against Allstate in name only." (Dkt. 39 at 3.)

[4] Allstate's argument against an award of attorney fees is more akin to the argument Allstate could make if an offer of judgment had been served on Sparks pursuant to Fed. R. Civ. P. 68. However, there is no evidence in the record to support that any of Allstate's "offers of settlement" comport with the requirements of Rule 68. This includes Allstate's Request for Entry of Judgment in Favor of Sparks (Dkt. 31), which contains no indication that an offer of judgment was served on Sparks within 14 days before the trial. Moreover, there is also no indication that Allstate's offer of settlement or judgment included "costs then accrued," as required by the Rule.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 7**

Moreover, Allstate's conclusory argument that Sparks' claim against Kaplan was wholly without merit is unpersuasive. And, Allstate offers no argument and cites no legal authority to demonstrate that Sparks' pursuit of his claim against Kaplan was frivolous, unreasonable, or without foundation. While Kaplan prevailed on summary judgment against Sparks, nothing in the Court's Memorandum Decision and Order (Dkt. 27), or otherwise in the record, indicates that Sparks' claim against Kaplan was frivolous or unreasonably pursued.[5]

Allstate's "offers to settle" are more appropriately characterized as offers to stipulate to judgment—the distinction is critical. A stipulated judgment against Allstate would not have guaranteed that the amount owed on the Promissory Note would be satisfied. If Allstate was able to satisfy the full amount owed on the Promissory Note, either before or after this lawsuit was filed, Sparks' pursuit of his individual claims against Kaplan may not have been necessary. But, Allstate does not argue that it ever offered to send a check to Sparks.

Allstate's arguments do not change the simple fact that Sparks unquestionably prevailed against Allstate. Because Sparks is the prevailing party against Allstate, he is entitled to reasonable attorney fees as costs under the Idaho statute.

**B. The fees requested by Sparks are reasonable**

Sparks was represented by Shelly Cozakos, whose hourly rate is $250. Ms. Cozakos billed Sparks for 22.6 hours of her time prior to responding to Kaplan's motion

---

[5] Neither Kaplan nor Allstate filed a motion to dismiss Sparks' breach of contract claim.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 8**

for summary judgment. The total attorney fees she seeks is $7,125 for those 22.6 hours.[6] Allstate does not dispute the reasonableness of Ms. Cozakos' hourly rate, but does argue that Ms. Cozakos' spreadsheet of fees does not breakdown or properly apportion the time she spent on the claim against Allstate versus the time she spent on the claim against Kaplan. While the Court agrees that there is no apportionment between Allstate and Kaplan in the spreadsheet, the Court declines to reduce the hours claimed by Ms. Cozakos.

It is well settled that "plaintiffs are to be compensated for attorney fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. Cty. of L.A.,* 935 F.2d 1050, 1052 (9th Cir.1991). Under these circumstances, in its calculation of reasonable fees, the Court must ask "whether the 'unsuccessful claim arises from the same core of facts as the successful claim and whether it is likely that some of the work performed in connection with the unsuccessful claim also aided the work done on the merits of the successful claim.'" *Schwarz,* 73 F.3d at 903 (quoting *Herrington v. Cty. of Sonoma,* 883 F.2d 739, 747 (9th Cir.1989) (alterations omitted)).

Here, Sparks' breach of contract claim against Allstate and Kaplan arose out of the same Promissory Note and core set of facts. The work on this matter as it relates to each Defendant is too intertwined to parcel out, at least initially. While it is unclear in the

---

[6] Ms. Cozakos' spreadsheet of fees does not request time billed by an assistant, paralegal, or associate; thus, eliminating any concerns of double billing.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 9**

record what exact role or title Kaplan had with Allstate, it is undisputed there was a business relationship between Kaplan and Allstate. And, although Sparks ultimately was unsuccessful in obtaining evidence supporting his claim that Kaplan personally guaranteed Allstate's repayment of the loan, the legal work performed by Cozakos, quantitatively, was not excessive. Ms. Cozakos requests fees through March of 2015—she does not seek fees associated with Kaplan's motion for summary judgment or fees for any of her time after the motion was filed. Accordingly, no reductions in the time claimed in this matter will be recommended.

Upon review of Ms. Cozakos' spreadsheet of fees, the Court finds the hourly rate and the time and labor expended on this matter accurately reflects the level of difficulty of the breach of contract issues presented in this litigation. For these reasons, the Court will recommend Sparks be awarded the full $7,125 of attorney fees requested.

### C. Costs

Ms. Cozakos also submitted a bill of costs (Dkt. 35). In it, she seeks $400 for clerks and service fees, and $632.12 for deposition costs. For the reasons that follow, the Court will recommend Sparks be awarded costs in the full amount requested of $1,030.12.

Allstate disputes both requests for costs. With regard to the $400 cost associated with the filing and service fees, Allstate argues that, because the entire litigation was "wholly unnecessary" due to its repeated offers to settle the case, it should not be required to pay these costs. With regard to the deposition costs, Allstate argues the

deposition of Kaplan was taken for the sole purpose of pursuing Sparks' claim against Kaplan, and, thus, Allstate should not be accountable for that cost.

As discussed above, Allstate's offers of settlement do not change the Court's determination that Sparks is the prevailing party against Allstate. Further, there is no indication Allstate made any offers to settle (as opposed to stipulate to judgment contingent on dismissing Kaplan) prior to Sparks filing the lawsuit. Therefore, the Court will recommend costs be awarded in the full amount requested and that the Clerk of the Court be allowed to tax them accordingly.

## II. Kaplan's request for attorney fees and costs

Kaplan seeks attorney fees and costs pursuant to Fed. R. Civ. P. 54(d)(1) and (2), Dist. Idaho L. R. 54.1 and 54.2, and Idaho Code §§ 12-120(3) and 12-121. Kaplan seeks $51,651 in attorney fees and $728.44 for deposition costs. Sparks does not dispute Kaplan was the prevailing party over Sparks and entitled to reasonable attorney fees. Instead, Sparks argues Kaplan's requested fees should be reduced because they are not appropriately apportioned, certain entries are unreasonable, and the hourly rates exceed the rates charged by attorneys in the Boise, Idaho market. Sparks challenges the deposition cost on a similar ground—that the deposition was taken on behalf of Allstate and Kaplan, thus, Kaplan is not entitled to the entirety of the costs claimed. The Court will address the requests for attorney fees and costs separately below.

### A. The time claimed by Kaplan also benefited Allstate

Sparks argues Kaplan's claimed fees are not appropriately apportioned because the majority, if not all, of the time spent by the lawyers was for the benefit of both Kaplan and Allstate. Sparks contends Kaplan's fees should be reduced to properly account for the split benefit reaped by both Defendants. Kaplan disagrees and asserts the entries represent work performed solely on behalf of Kaplan.[7] For the reasons that follow, the Court will recommend Kaplan's fees be reduced because the work performed was performed on behalf of and benefited both Kaplan and Allstate.

Kaplan continues to assert that Sparks' rejection of Allstate's offers to stipulate to judgment against it for the $110,000 principal amount of the Promissory Note resulted in unnecessary litigation. The Court disagrees. As explained above, Allstate's offers were of little value to Sparks unless he could successfully collect on the judgment or Kaplan assumed personal liability for the $110,000. The Court finds that shifting all the fees to Sparks for the time that benefited both Kaplan and Allstate is not reasonable when Allstate is not a prevailing party.

Many of the facts surrounding this case and the purported loan between the parties are still unknown to the Court. However, upon close review of the record, it is clear that the joint legal representation of Allstate and Kaplan was in the best interest of both the

---

[7] Kaplan concedes in his reply that the time spent reviewing and answering the complaint and researching and preparing a motion to transfer venue was performed on behalf of both Allstate and Kaplan, agreeing to reduce his fee request by the full amount of the hours spent for this work—the first 16 entries on Exhibit A to the Petersen Declaration (Dkt. 36-2), or 23.1 hours of attorney time.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 12**

business and the individual. Allstate is Kaplan's business. Given the fact that judgment was entered against Allstate, Kaplan (and Allstate) did not fully prevail on their joint defense, although they may have prevailed on their joint strategy. Accordingly, the Court will recommend that the fees requested by Kaplan be reduced to $27,265.85 (by 40%)[8] to account for the benefit of the legal services to Allstate. *See Schwarz,* 73 F.3d at 906 ("The court is not 'required to set forth an hour-by-hour analysis of the fee request.'").

### B. Arguments Re: Reasonableness of misc. entries

Sparks takes issue with the reasonableness of several entries in Kaplan's time entries. First, without citing any legal authority, Sparks argues Kaplan should not be awarded fees for time spent researching a potential motion to dismiss for failure to prosecute.[9] Second, Sparks disputes time included for preparation of the litigation plan that Sparks alleges he prepared and filed with the Court. Sparks disputes also the amount of time Kaplan's counsel spent preparing for Sparks' deposition. The Court addresses each argument below.

With regard to the research on the motion to dismiss for lack of prosecution, Sparks contends the research was unreasonable because it was conducted in the middle of

---

[8] The Court finds that a reduction of 40% rather than 50% is appropriate, as the majority of work performed was spent defending against the personal liability claim, upon which Kaplan did prevail.

[9] Sparks argued also in his response to Kaplan's motion for attorney fees that Kaplan should not be awarded fees for a motion to transfer venue and a motion to dismiss that were never filed. The fees requested for these motions were withdrawn by Kaplan in his reply, as explained in footnote 7 above. Therefore, the Court need not consider whether Kaplan should be awarded fees for that time and will deduct that time from the total claimed.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 13**

the discovery period and because the motion was never filed with the Court.[10] The Court is reluctant to deny fees on the basis that a motion was not filed, as the Court must defer to the professional judgment of Kaplan's attorney to determine what, or what not, to research and file. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on a case.").

However, the Court does agree with Sparks that the timing of the research makes the research unreasonable. Mr. Petersen researched lack of prosecution on December 12, 2014. The deadline for final discovery was not until February 28, 2015. (Dkt. 15.) Nothing in the record indicates Sparks was not pursuing his claim. Accordingly, the Court will recommend that the 0.9 hours spent researching the failure to prosecute issue be deducted.

With regard to time claimed for the preparation and filing of the joint litigation plan, Sparks seems to suggest that, because he prepared and filed the joint litigation plan with the Court, Kaplan should be precluded from the time spent contributing to the stipulated litigation plan. The Court finds this argument unpersuasive. The fact Sparks prepared the proposed litigation plan and later submitted the plan to the Court does not mean Kaplan's attorney was not involved with reviewing, considering, and agreeing to the deadlines in the plan. Accordingly, the Court does not find the two entries, totaling

---

[10] The Court is somewhat limited in determining the reasonableness of the time spent researching and preparing a motion that was never filed because there is no document for the Court to review.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 14**

0.8 hours, were unreasonable or excessive, and will not recommend they be deducted from the total.

Finally, with regard to the time spent on preparation for Sparks' deposition, which totaled approximately 11.8 hours, Sparks contends the preparation time is excessive because the deposition of Sparks only lasted 3 hours. Simply comparing the preparation time with the actual time of the deposition does not support Sparks' argument that the preparation time is unreasonable or excessive. It is not the Court's prerogative to second guess the amount of time an attorney believes is reasonable to prepare for a deposition unless the time spent is clearly excessive. *Moreno,* 534 F.3d at 1112. Accordingly, the Court will not recommend that the 11.8 hours billed for preparation of Sparks' deposition be deducted.

### C. Kaplan's attorneys billed at marketplace hourly rates

Kaplan was represented by Tonn K. Petersen of Perkins Coie, LLP. Two associates and two paralegals also billed for their work in this matter. Below is a chart of the respective professionals' billing rates for each year this litigation was ongoing.

|  | 2014 | 2015 | 2016 |
|---|---|---|---|
| Tonn K. Petersen, Counsel | $305 | $315 | $335 |
| Alison C. Hunter, Associate | N/A | $255 | $290 |
| Sarah C. Gillstrom, Associate | $295 | N/A | N/A |
| Kimberly Sampo, Paralegal | $160 | N/A | N/A |
| Deanna Tollefson, Paralegal | N/A | $185 | $190 |

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 15**

Sparks contends the rates charged by Petersen and his associates are not accurate representations of the rates charged by attorneys in the Boise area, and argues the rates should be reduced to reflect the marketplace rates. In support of Sparks' motion in opposition, Sparks' counsel, Ms. Cozakos, offers only her own experience and billing rate to demonstrate the excessiveness of Petersen's and his associate's hourly rates. Ms. Cozakos explains she has practiced law for over twenty years, and that she previously worked for Petersen's firm, Perkins Coie, from 2000-2013, first as an associate, and then as a partner. Ms. Cozakos alleges that, when she was a partner at Perkins Coie in 2013, her hourly rate for Idaho clients was $270 per hour. She argues also that Ms. Hunter's hourly rate is excessive because she has practiced law for only three years.

Kaplan contends the hourly rates charged by his attorneys are reasonable and accurately reflect the billing rate of other attorneys with similar experience in the Boise, Idaho marketplace. In support of his argument, Kaplan submitted the Declaration of Newal Squyres, who is a partner in the Boise office of Holland & Hart. (Dkt. 44-1 at 1.) Mr. Squyres has over forty years of experience in commercial litigation, and has personal knowledge of the hourly rates charged by attorneys and their staff in Southwest Idaho. Mr. Squyres reviewed Petersen's, and his associate's and paralegal's hourly rates, and concluded that they are commensurate with those charged by attorneys and paralegals of comparable professional background and experience for similar legal services in Boise, Idaho.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 16**

"The Court must determine a reasonable hourly rate by considering the experience, skill and reputation of the attorneys requesting fees." *U.S. ex rel. Suter v. Nat'l Rehab Partners Inc.*, 2007 WL 2790397, at *2 (D. Idaho Sept. 24, 2007) (citing *Schwarz,* 73 F.3d at 906)). "A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Schwarz,* 73 F.3d at 906. The relevant community in this case is Boise, Idaho.

After careful review of the parties' declarations, the Court concludes the rates charged by Mr. Petersen, his associates, and paralegals are reasonable and reflect the marketplace rate in Boise, Idaho, at the relevant times. Mr. Petersen's hourly rate of $305-$335 is in line with other attorneys with similar experience in this market. The Court finds also the billing rate for his associates, Ms. Hunter and Ms. Gillstrom, and his paralegals, Ms. Sampo and Ms. Tollefson, are reasonable. The Court's finding is supported by the Declaration of Mr. Squyres, an experienced attorney who practices in Boise, Idaho.

### D. Summary of reductions

The following table summarizes the Court's reductions to Kaplan's requested hours.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 17**

| Attorney/ Paralegal | Hours claimed | Reduction of Excessive/Unreasonable Entries | 40 Percent Discretionary Reduction[11] | Hours Reasonably Expended |
|---|---|---|---|---|
| **2014** | | | | |
| Peterson | 18 | 15.3 | 1.08 | 1.62 |
| Gillstrom | 8 | 8 | 0 | 0 |
| Sampo | .7 | .7 | 0 | 0 |
| **2015** | | | | |
| Peterson | 107.85 | 0 | 43.14 | 64.71 |
| Hunter | 30.3 | 0 | 12.12 | 18.18 |
| Tollefson | 6.2 | 0 | 2.48 | 3.72 |
| **2016** | | | | |
| Peterson | 1.6 | 0 | .64 | 0.96 |
| Hunter | 4.27 | 0 | 1.71 | 2.56 |
| Tollefson | 0 | 0 | 0 | 0 |

## E. Lodestar

As shown in the table below, the total lodestar figure for attorney fees based on the hourly rates and hours reasonably expended (as determined above) is $27,265.85.

| Attorney/ Paralegal | Reasonable Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| **2014** | | | |
| Peterson | $305 | 1.62 | $494.10 |
| Gillstrom | $295 | 0 | $0 |
| Sampo | $160 | 0 | $0 |
| **2015** | | | |
| Peterson | $315 | 64.71 | $20,383.65 |
| Hunter | $255 | 18.18 | $4,635.90 |
| Tollefson | $185 | 3.72 | $688.20 |
| **2016** | | | |
| Peterson | $335 | 0.96 | $321.60 |
| Hunter | $290 | 2.56 | $742.40 |
| Tollefson | $190 | 0 | $0 |
| | | **TOTAL** | **$27,265.85** |

---

[11] These reductions are calculated as follows: (hours claimed - excessive/unreasonable entries) x 0.4.

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 18**

**E. Costs**

As explained above, because Kaplan is the prevailing party over Sparks, he is entitled to costs. The Court recommends the Clerk of the Court be allowed to tax the deposition costs in the full amount of $728.44. (Dkt. 37.)

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Sparks' Motion for Attorneys' Fees and Costs (Dkt. 34) be **GRANTED**;

2) Kaplan's Motion for Costs and Attorney Fees (Dkt.36) be **GRANTED, in part and DENIED in part**;

3) The Judgment (Dkt. 33) be amended to include an award of attorney fees of $7,125 in favor of Sparks;

4) The Court amend the judgment to offset it by the amount of the award of attorney fees to Kaplan of $27,265.85; and

5) The Court direct the Clerk of the Court to tax costs to Sparks and Kaplan as requested in their respective bills of costs (Dkts. 35, 37).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **August 11, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION RE: MOTIONS FOR ATTORNEY FEES AND COSTS - 19**