UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID SPARKS,

                              Plaintiff,

              v.

ALLSTATE MEDICAL EQUIPMENT,
INC., a California Corporation; and
TODD KAPLAN, an individual,

                    Defendants.

Case No. 1:14-CV-00166-EJL-CWD

**ORDER ON REPORT AND
RECOMMENDATION**

The United States Magistrate Judge Candy W. Dale issued a Report and

Recommendation in this matter. (Dkt.46.) Pursuant to 28 U.S.C. § 636(b)(1), the parties

had fourteen days in which to file written objections to the Report and Recommendation.

Plaintiff David Sparks filed an objection and Defendant Kaplan responded to the

objections. The matter is now ripe for review by this Court.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge."

Where the parties object to a report and recommendation, this Court "shall make a de novo

determination of those portions of the report which objection is made." *Id.* Where,

**ORDER ON REPORT AND RECOMMENDATION- 1**

however, no objections are filed the district court need not conduct a *de novo* review. In

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted

the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo if
> objection is made, but not otherwise. As the *Peretz* Court instructed, "to the
> extent de novo review is required to satisfy Article III concerns, it need not
> be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939
> (internal citation omitted). Neither the Constitution nor the statute requires a
> district judge to review, de novo, findings and recommendations that the
> parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent
> an objection or request for review by the defendant, the district court was not
> required to engage in any more formal review of the plea proceeding."); *see
> also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required
> for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the

extent that no objections are made to certain parts of a Report and Recommendation,

arguments to the contrary to those non-objected parts are waived. *See* Fed. R. Civ. P. 72; 28

U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of

service of the Report and Recommendation).


## BACKGROUND

The Court adopts and incorporates Judge Dale's factual background set forth on

pages 2 and 3 of the Report and Recommendation as such facts are undisputed and not part

of Plaintiff's objection.


ORDER ON REPORT AND RECOMMENDATION- 2

This instant action is a breach of contract action. In approximately 2006, Kaplan approached Sparks about loaning him money for use in starting a durable medical equipment business. Sparks ultimately agreed to loan Kaplan money. On February 1, 2007, Sparks received a Promissory Note stating Allstate Medical Equipment, LLC (Kaplan's business) would repay Sparks the principal amount of $110,000, plus interest at 14.0% per annum.

Under the terms of the promissory note, the payment of the principal was initially due in February of 2009; however, Sparks agreed to extend the principal payment deadline in 2009, 2010, 2011, and 2012. In January of 2013, Sparks contacted Kaplan and requested Kaplan repay the principal balance of $110,000 on the loan. Kaplan did not reply and Sparks stopped receiving interest payments after January of 2013. On April 29, 2014, Sparks filed the instant suit for breach of contract seeking to hold Allstate and Kaplan liable for the past-due interest and principal payments owed to Sparks pursuant to the terms of the Promissory Note.[1]

On June 15, 2015, Kaplan moved for summary judgment on the personal liability claim. (Dkt. 20.) During the pendency of the motion for summary judgment, the three parties participated in mediation on October 21, 2015. (Dkt. 31-1 at 2.) However, their attempts to settle were unsuccessful. On December 7, 2015, the Court issued its Memorandum Decision and Order granting summary judgment in favor of Kaplan. (Dkt.

---

[1] The preceding two paragraphs containing factual background are excerpts from the Memorandum Order entered on December 7, 2015. (Dkt. 27.)

**ORDER ON REPORT AND RECOMMENDATION- 3**

27.) In support of its conclusion, the Court found there was no evidence that the Promissory Note was between Sparks and Kaplan and no evidence to pierce the corporate veil or to otherwise hold Kaplan liable that would not be barred by the statute of frauds. *Id.* The only surviving issue was Sparks' breach of contract claim against Allstate for the $110,000 due under the Promissory Note plus interest, attorney's fees and costs. Trial was set to begin on January 19, 2016. (Dkt. 18.)

On January 6, 2016, Allstate filed a request for the Court to enter judgment in favor of Sparks and against Allstate in the amount of $110,000, and sought also to vacate the trial on the ground that no triable issues of fact remained. (Dkt. 31.)   The Court agreed with Allstate, granted Allstate's request, and entered judgment in favor of Sparks and against Allstate in the amount of $110,000. (Dkt. 32.) The Court specifically reserved the issues of interest, attorney's fees and costs to be determined after the parties made such appropriate motions. *Id.*

On January 28, 2016, Sparks and Defendant Kaplan each filed motions for attorney's fees and costs. Sparks seeks attorney's fees in the amount of $7,125 and costs in the amount of $1,030.12. (Dkt. 34.) Kaplan seeks attorney's fees in the amount of $51,651, and costs in the amount of $728.44. (Dkt. 36.)

## ANALYSIS

Judge Dale recommends Spark's motion for Attorneys' Fees and Costs be granted and Kaplan's motion for attorneys' fees and costs be granted in part and denied in part with

a 40% reduction based on defense counsel representing both Defendants. Sparks' attorney requested an hourly rate of $250 per hour. Judge Dale approved that hourly rate. Judge Dale next determined that the hourly rates charged by Kaplan's attorneys and paralegals were in line with other attorneys with similar experienced in the Boise market and the surrounding area for an associate.

Plaintiff objects to the hourly rate charged by Defendant Kaplan's attorneys as being higher than the prevailing rates in Boise for the type of legal services provided and based on the experience level of counsel. Plaintiff's counsel supports this conclusion with affidavits from Plaintiff's counsel and counsel's law partner. Kaplan's attorney supported the submitted hourly rates with an affidavit of lead counsel Tonn Peterson and an affidavit of a Boise lawyer who works for another law firm, Newal Squyres. Plaintiff argues that Squyres' affidavit was untimely and is insufficient to establish the prevailing rates in Boise. Specifically, Plaintiff claims the Squyres affidavit does state the rates charged by Tonn Petersen are the prevailing rates in Boise for similar services and does not address the associate hourly rate of $290 per hour being appropriate for an associate with two years of experience.

Kaplan's lead attorney Tonn Peterson requested an hourly rate of $305 - $335 as his hourly rate increased annually. One associate, Sarah Gillstrom, worked with Peterson on the case in 2014 and billed at $295 hourly rate from Perkins Coie's Anchorage, Alaska office. The other associate billed at $255 in 2015 and $290 in 2016. This is somewhat of a unique situation since Plaintiff's counsel previously worked for the law firm that

**ORDER ON REPORT AND RECOMMENDATION- 5**

represented Defendants and is familiar with the billing rates used as recently as 2013 for that law firm.

In reviewing all the declarations of counsel filed in this matter, the Court agrees with Judge Dale that the hourly rates submitted by defense counsel are not unreasonable. The rates reflect the marketplace rates for a regional law firm with a presence in Boise and other cities. The fact that hourly rates have increased since Plaintiff's counsel worked for the same firm, is not surprising nor unreasonable. While it is true that Squyres declaration was filed with the reply brief on the motion for attorneys' fees, Plaintiff did not seek leave to file a supplemental declaration from an attorney outside Plaintiff's counsel's law firm after receiving the Squyres declaration. Accordingly, this Court will consider the Squyres declaration for purposes of resolving the objection.

This Court has over 50 years on the bench and is very familiar with the hourly rates of counsel and how such rates have increased. The Court finds the Squyres declaration is credible as to the going market rates for legal services as Squyres also works for a regional law firm, he examined the nature of the claims presented and he is familiar with Pederson's resume which supports he had 9-11 years of experience at the time he represented Kaplan.

Although Plaintiff's counsel has more legal experience, she also works for a much smaller law firm that is not a regional firm and she agreed to a $250 hourly rate. This hourly rate is lower than the hourly rate she says she billed while working for the same regional firm in 2013. This Court takes no position on whether the legal services provided by Plaintiff's counsel would support a higher hourly rate as that issue is not before the

**ORDER ON REPORT AND RECOMMENDATION- 6**

Court. Instead, based on the declarations and this Court's experience that regional firms typically bill at higher hourly rates than smaller Boise firms. This is primarily due to the higher regionally-based salaries paid to the attorneys which results in higher hourly billing rates for the regional law firm attorneys.

The Court finds the hourly rates submitted are reasonable and represent a point on the spectrum of prevailing market rates for legal work of this nature in the Boise and Anchorage areas. Moreover, the Court respectfully disagrees with the law partner of Plaintiff's counsel that the going rate for Petersen should only be $200 to $225 since he has less than 20 years of experience. The objection is denied.

Having reviewed the Report and Recommendation and the record in this matter, the Court finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 46) shall be **INCORPORATED** by reference, **ADOPTED** in its entirety and ordered as follows:

1) Sparks' Motion for Attorneys' Fees and Costs (Dkt. 34) is **GRANTED.**

2) Kaplan's Motion for Costs and Attorney Fees (Dkt.36) is **GRANTED, in part and DENIED in part**.

**ORDER ON REPORT AND RECOMMENDATION- 7**

3)  An Amended Judgment shall be entered in this matter to reflect an award of attorney fees of $7,125 in favor of Sparks which will be offset against the award of attorney fees awarded to Kaplan of $27,265.85.

4)  The Clerk of Court shall tax costs as requested in the respective bills of costs (Dkts. 35 and 37) forthwith.

DATED: September 29, 2016

Edward J. Lodge
United States District Judge

**ORDER ON REPORT AND RECOMMENDATION- 8**